**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Franklin Martin; Eugene Sak; and Sak Capital Partners WA, LLC,<br><br>                    Petitioners,<br><br>        v.<br><br>Ross Fiuzi,<br><br>                    Respondent. | Case No. 2:25-cv-02186-JCM-DJA<br><br>**Order** |

This is an action by Petitioners Franklin Martin; Eugene Sak; and Sak Capital Partners, LLC ("the Sak Parties") to confirm an arbitration award and for entry of judgment on that award against Respondent Ross Fiuzi.  The parties engaged in arbitration as required by an arbitration provision of the Commercial Financing Engagement Agreement between them over a dispute arising from that agreement.  The arbitrator held an evidentiary hearing on February 21st and 22nd, 2025, at which Fiuzi—the claimant in the arbitration—was present pro se.  (ECF No. 1-3 at 2).  The arbitrator rendered an Interim Award on June 4, 2025.  (*Id.*).  The arbitrator then directed the respondents in the arbitration— the Sak Parties—to submit an application for reimbursement of reasonable attorneys' fees and expenses within ten days of the Interim Award and directed Fiuzi to file his response within ten days of the application.  (*Id.* at 3).  The Sak Parties filed their application, but Fiuzi never filed his response.  (*Id.*).  So, on July 11, 2025, the arbitrator awarded the Sak Parties their fees and expenses totaling $122,766.12.  (*Id.*).

The Sak Parties filed this action on November 5, 2025, invoking the Federal Arbitration Act, 9 U.S.C. § 9, and asking the Court to confirm the arbitration award and for entry of judgment.  (ECF No. 1).  They then sought leave to serve their complaint by alternative means, indicating that they had attempted personal service on Fiuzi at his residence multiple times, over multiple days, but from conversations with neighbors and indications of occupancy, their process

server gathered that Fiuzi was present but refusing to answer the door. (ECF No. 3).[1] The Court granted the Sak Parties' motion, requiring the Sak Parties to both mail a copy of their process to Fiuzi by certified mail and to publish a notice in the Nevada Legal News at least once a week for four weeks. (ECF No. 4). On February 3, 2026, the Sak Parties filed a proof of alternative service confirming that they had accomplished both service by mail and by publication. (ECF No. 5).

On March 3, 2026, the Sak Parties moved for an order granting their petition and entering judgment. (ECF No. 6). They filed a certificate of service for that motion asserting to have served the motion on Fiuzi by U.S. Mail. (ECF No. 7). To date, Fiuzi has not responded to the motion or otherwise appeared in this action.

In the context of a default judgment, "a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties" given that "[a] judgment entered without personal jurisdiction over the parties is void." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Thus, "[t]o avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place." *Id*. "The Court is also required to assess the adequacy of the service of process on the party against whom default is requested." *Indian Hills Holdings, LLC v. Frye*, 572 F. Supp. 3d 872, 884 (S.D. Cal. 2021) (quoting *DFSB Kollective Co. Ltd. v. Bourne*, 897 F. Supp. 2d 871, 877-78 (N.D. Cal. 2012) (internal quotations omitted)).

The Constitution does not require any particular means of service of process. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (*citing Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). It requires only that service "be reasonably calculated to provide notice and an opportunity to respond." *Id*. Service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. A federal court lacks jurisdiction

---

[1] The Sak Parties filed their motion ex parte. (ECF No. 3). However, they did not provide a basis for this ex parte filing. *See* LR IA 7-2(b). The Court filed its order granting the motion on the public docket. (ECF No. 4). But it takes this opportunity to remove the ex parte designation from the filed motion.

over a defendant unless the defendant has been properly served under Rule 4.  *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citation omitted).  Rule 4, however, "is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint."  *Id.*  "[W]ithout substantial compliance with Rule 4," "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction."  *Id.*  Decisions regarding the sufficiency of service of process are within the Court's discretion.  *Rio Props.*, 284 F.3d at 1014 ("[w]e review for an abuse of discretion the district court's decision regarding the sufficiency of service of process.").

Under Federal Rule of Civil Procedure 4(e)(1), a party may serve a person by following state law where the service is made.  Nevada Rule of Civil Procedure 4.4(d)(1) provides that, "[i]n addition to any other service method, the court may order a plaintiff to make reasonable efforts to provide additional notice of the commencement of the action to a defendant using other methods of notice, including certified mail, telephone, voice message, email, social media, or any other method of communication."

Here, before the Court rules on the motion for judgment, it will require the Sak Parties to make additional attempts at service of their summons and complaint to confirm the Court's jurisdiction over Fiuzi.  This is because, while the Court previously found that the Sak Parties had met the requirements for alternative service of their summons and complaint under the Federal and Local Rules, it is unclear whether those attempts have ultimately resulted in Fiuzi's notice and an opportunity to respond.  This is particularly true because Fiuzi was engaging in the underlying arbitration pro se.  And while it appears that at least *someone* was at Fiuzi's address in November and December of 2025 when the Sak Defendants were attempting personal service, it is not clear if that person was Fiuzi.  *See* (ECF No. 3-1) (showing attempts at service in which the process server left a contact sheet on the door, where the "[c]ontact sheet is still posted, but is now folded as a paper plane," and where the process server "[s]poke to a neighbor who stated he believes his neighbor is home and drives a Tesla that is usually parked in the garage").  Moreover, well over a year has passed between those service attempts and the Sak Parties' motion for judgment.

The Court will therefore require the Sak Parties to serve their summons, complaint, and motion for judgment on Fiuzi by personal service.  If that is unsuccessful, the Sak Parties may move the Court again for alternative service.  Any motion for alternative service must include a declaration setting forth Fiuzi's "known, or last-known, contact information, including the defendant's address, phone numbers, email addresses, social media accounts, or any other information used to communicate with the defendant."  Nev. R. Civ. P. 4.4(b)(2)(A)(ii).  The Sak Parties must either return their executed summons or file a motion for alternative service on or before June 1, 2026.

**IT IS THEREFORE ORDERED** that Sak Parties must serve their summons, complaint, and motion for judgment on Fiuzi by personal service.  If that is unsuccessful, the Sak Parties may move the Court again for alternative service.  Any motion for alternative service must include a declaration setting forth Fiuzi's known, or last-known, contact information, including the Fiuzi's address, phone numbers, email addresses, social media accounts, or any other information used to communicate with the Fiuzi.

**IT IS FURTHER ORDERED** that the Sak Parties must either return their executed summons or file a motion for alternative service on or before **June 1, 2026**.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to **remove** the ex parte designation from the motion filed at ECF No. 3.

DATED: April 30, 2026,

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE